IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:13-CR-00065-F-1
No. 5:15-CV-00490-F

| | |
|---|---|
| COREY DWAYNE MOODY, ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | |

This matter is before the court on the Government's Motion to Dismiss [DE-46] Corey Dwayne Moody's pending Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-41]. The issues have been fully briefed, and the matter is now ripe for ruling. For the reasons set forth below, the Government's Motion to Dismiss is ALLOWED, and Moody's Motion to Vacate is DENIED.

**I. Factual and Procedural Background**

On March 21, 2013, Moody was charged in a single-count indictment with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924. *See* Indictment [DE-1]. At Moody's arraignment, held on July 15, 2013, he pled guilty to Count One without a plea agreement.

Moody's sentencing was held on January 31, 2014. Moody was sentenced to 110 months' imprisonment. *See* Judgment [DE-30]. On January 31, 2014, Moody filed a Notice of Appeal [DE-28]. In an unpublished per curiam opinion [DE-38], the Fourth Circuit Court of Appeals affirmed this court.

On December 5, 2014, Moody's counsel filed a certiorari status form [App. DE-41] with

the Fourth Circuit. The form reflected the following: counsel informed Moody of his right to petition the United States Supreme Court for certiorari; Moody asked counsel to prepare a certiorari petition; and a copy of the certiorari status form was served on Moody. *Id.* at 1-2. Counsel failed to file a petition for certiorari with the Supreme Court.

On September 15, 2015, Moody filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-41]. In his § 2255 motion, Moody raises the following claims: (1) his attorney provided ineffective assistance of counsel by failing to file a perfected petition for certiorari with the Supreme Court; and (2) U.S.S.G. § 2K2.1(b)(6)(B) is unconstitutionally vague, and as a result, was misapplied in his case. On November 6, 2015, the Government filed a Motion to Dismiss [DE-46], arguing that Moody failed to state a claim upon which relief can be granted.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "[f]actual allegations must be enough to raise a right to relief above the speculative level" and the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's

2

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III. Discussion

**A. The proper remedy for Moody's first claim is with the Fourth Circuit Court of Appeals.**

In his first claim, Moody alleges that his attorney provided ineffective assistance by failing to file a perfected petition for certiorari with the Supreme Court. Mot. Vacate [DE-41] at 4.

To prevail on a claim of ineffective assistance of counsel, a petitioner must show that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck*, 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland*, 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been

3

different." *Id.* at 694. A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome." *Id.*

Moody cannot obtain relief for his first claim with this court. Rather, Moody must file a motion with the Fourth Circuit Court of Appeals to recall the mandate. Failing to file a requested petition for certiorari where counsel did not move to withdraw from representation would violate the Plan of the United States Court of Appeals for the Fourth Circuit in Implementation of the Criminal Justice Act (hereafter "Fourth Circuit CJA Plan"), which implements the Criminal Justice Act of 1984. *See* 18 U.S.C. § 3006A. The Fourth Circuit CJA Plan provides in pertinent part as follows:

> counsel shall inform the defendant, in writing, of his right to petition the Supreme Court for a writ of certiorari. If the defendant, in writing, so requests and in counsel's considered judgment there are grounds for seeking Supreme Court review, counsel shall prepare and file a timely petition for such a writ and transmit a copy to the defendant.

Fourth Circuit CJA Plan, § V, ¶ 2. Thus, it appears that counsel failed to comply with the Fourth Circuit's CJA Plan.

Failing to file a requested petition for certiorari does not violate the Sixth Amendment. *See Devine v. United States*, No. 5:07-CR-10-D, 5:10-CV-91-D, 2011 WL 1675089, at *1 (E.D.N.C. May 3, 2011). Moreover, this court lacks the authority to recall and renter Moody's appellate judgment or mandate. *Id.* (citing *United States v. Tejeda-Ramirez*, 380 F. App'x 252, 254 (4th Cir. 2010) (per curiam)).

This court is not in a position to grant Moody relief. Rather, Moody must seek relief from the Fourth Circuit Court of Appeals. Consequently, Moody's first claim will be dismissed.

4

**B. Moody's second claim has been procedurally defaulted.**

Moody alleges in his second claim that U.S.S.G. § 2K2.1(b)(6)(B) is unconstitutionally vague, and as a result, was misapplied. Mot. Vacate [DE-41] at 5.

"Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal." *Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal quotation marks omitted). When a defendant procedurally defaults a claim by failing to raise it on direct appeal, the claim is cognizable in habeas "only if the defendant can first demonstrate either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" *Id.* at 622 (citations omitted).

In order to show "cause" for a procedural default, a movant must demonstrate that some objective factor external to the record impeded his counsel's efforts to bring a claim on direct appeal. *Murray v. Carrier*, 477 U.S. 478, 492 (1986); *Turner v. Jabe*, 58 F.3d 924, 927 (4th Cir. 1995). "[C]ause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray*, 477 U.S. at 488). In order to avoid a procedural default based on the "actual innocence" exception to default, a movant must show that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him because of his "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623.

In this case, Moody concedes that he did not raise his second claim on appeal. Mot. Vacate [DE-41] at 5. Moody merely asserts that his attorney failed to raise the claim. *Id.* Moody does not contend that his appellate attorney should have raised the issue. Moreover, failing to raise the issue was not ineffective assistance of counsel because this court is unable to

5

locate any caselaw to support Moody's argument that U.S.S.G. § 2K2.1(b)(6)(B) is unconstitutionally vague. *See Basham v. United States*, 811 F.3d 1026, 1029 (8th Cir. 2016) (holding that failure to raise a novel argument does not render counsel's performance constitutionally ineffective). The court finds that Moody has failed to demonstrate either "cause" and "actual prejudice," or that he is actually innocent. Thus, Moody has failed to meet the standard for overcoming his procedural default. *See Pahutski v. United States*, No. 3:07-CR-00211-MR-1, 2014 WL 2208923, at *4 (W.D.N.C. May 28, 2014) (dismissing a procedurally defaulted claim in a § 2255 motion). Consequently, Moody's second claim is procedurally defaulted and must be dismissed.

## IV. Conclusion

For the foregoing reasons, the Government's Motion to Dismiss [DE-46] is ALLOWED, and Moody's Motion to Vacate [DE-41] is DENIED.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). However, when a court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the motion states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85.

The court concludes that Moody has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

6

SO ORDERED.

This the 24th day of May, 2016.

*James C. Fox*
James C. Fox
Senior United States District Judge